Reinaldo RAMIREZ, et al., Plaintiffs

v.

Edgardo ARLEQUIN, et al., Defendants.

Civil No. 03–2376(SEC).

United States District Court, D. Puerto Rico.

Dec. 1, 2006.

Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Guaynabo, PR, for Plaintiffs.

Francisco A. Ojeda–Diez, P.R. Department of Justice–Federal Litigation, San Juan, PR, Gina Ismalia Gutierrez–Galang, Johanna M. Emmanuelli–Huertas, Jorge

Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Co-defendant's (Municipality of Guayanilla, hereinafter the Municipality) motion for judgment on the pleadings (Docket # 54), Plaintiffs' opposition thereto, and Plaintiffs' Motion to Strike Docket # 54 and Requesting Sanctions and Attorney's Fees (Docket # 57). After reviewing the parties' filings and the applicable law, the Municipality's motion for judgment on the pleadings is **DENIED** and Plaintiffs' motion to impose sanctions to the Municipality's Counsel is **GRANTED.**

### Procedural and Factual Background:

On February 23, 2005 the Court dismissed all of Plaintiffs' claims in the captioned case and Plaintiffs appealed. The United States Court of Appeals for the First Circuit reversed in part and remanded the case for further proceedings as to Plaintiffs' First Amendment retaliation claims.

In view of the First Circuit decision, on June 22, 2006, the captioned case was re-opened. On July 11, 2006, a status conference was held in the Court's Chambers to discuss the claims that remained pending, namely: Mrs. Kortright's and RMC's First Amendment claims. On August 30th, 2006, Counsel for the Municipality filed a Motion for Judgment on the Pleadings under FED.R.CIV.P. 1 © arguing that plaintiffs failed "to state a theory of political discrimination that, even with evidentiary support, would constitute a violation of said parties' First Amendment rights." Docket # 54, p. 10. Plaintiffs opposed the Municipality's motion and asked the Court to strike it from the record and impose sanctions to the Municipality's Counsel, in accordance with 28 U.S.C. § 1927, for "engaging in ... repeated and annoying proceedings, designed to harass and delay the final resolution of this case." Docket # 57, p. 17.

### Applicable Law and Analysis:

### A. Motion for Judgment on the Pleadings

FED.R.CIV.P. 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Upon review of this motion "the district court must accept all of the nonmoving party's well-pleaded factual averments as true an draw all reasonable inferences in her favor." *Feliciano v. State of R.I.*, 160 F.3d 780, 788 (1st Cir. 1998). Therefore, a judgment on the pleadings is not proper "unless it appears **beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief."** *Id.*(emphasis added).

As explained before, the First Circuit reversed in part the Court's dismissal of this case. The Circuit stated in its opinion that "the case appears to be a routine First Amendment retaliation case ... [Plaintiffs] must plead that they engaged in protected association, that they were entitled to payment under their contracts, and that the Municipality denied the payment in retaliation for their exercise of associational rights. **These elements are adequately pleaded in the complaint.** We therefore must reverse the dismissal of the First Amendment retaliation claim." *Ramirez v. Arlequin*, 447 F.3d 19 (1st Cir.2006)(hereinafter *Ramirez* ).

It is clear from the language of the First Circuit's opinion that Plaintiffs' pleadings regarding their First Amendment claims were sufficient to survive the dismissal stage; that was precisely why the First Circuit reversed the Court's dismissal of

these claims. Because a motion for judgment on the pleadings uses the same standard as a motion to dismiss under FED. R.CIV.P. 12(b)(6), *Ad–Hoc Committee of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch*, 835 F.2d 980, 982 (2nd Cir.1987), it is clear from the First Circuit Court's opinion that Plaintiffs' First Amendment claims survive a FED. R.CIV.P. 12 © motion. Therefore, the Municipality's motion for judgment on the pleadings is **DENIED**.

## B. Imposition of sanctions:

■ A court may impose sanctions on an attorney, whose conduct multiplies the proceedings in an **unreasonable and vexatious** manner and may require the attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added)(hereinafter § 1927). The First Circuit interpreted the **unreasonable and vexatious** requirements of § 1927 and concluded that the attorney's actions must result in a multiplication of proceedings and be (1) unreasonable and (2) harassing or annoying, in order to warrant the imposition of sanctions. *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir.1990)(hereinafter *Savage* ). In making these determinations the Court uses an objective standard to include behavior that is "harassing or annoying, regardless of whether it is intended to be so." *Id.* Therefore, to impose § 1927 sanctions it is enough that the "attorney **acts in disregard of whether his conduct constitutes harassment or vexation,** thus displaying a serious and studied **disregard for the orderly process of justice.**" *Id.*(emphasis added).

■ Similarly, under FED.R.CIV.P. 11, attorneys are required to "conduct [themselves] in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system."

*Savage,* 896 F.2d at 630. The standard under such rule is also an objective one. *Id.,* at 631. Accordingly, bad faith in Counsel's actions is not required to justify sanctions. *Id.* FED.R.CIV.P 11 imposes upon attorneys "a continuous obligation to ensure that proceedings do not continue without a reasonable basis in law and fact." *Id.,* at 630. Although the rule should not be used "to chill an attorney's enthusiasm, creativity or zealous advocacy ... [t]here is **a point beyond which zeal becomes vexation** ... and **steadfast adherence to a position transforms to obdurateness.**" *Savage,* 896 F.2d at 634.(our emphasis).

[5] The Municipality's arguments in its Motion for Judgment on the Pleadings are the same arguments brought forth before the First Circuit in its *Petition for Panel Rehearing and Suggestion of Rehearing en Banc* (Docket # 57, Exh. 1) which was denied by the Circuit (Docket # 57, Exh. 2). Therefore the fact that the Municipality's arguments are without merit, is evident, not only from the First Circuit's language in *Ramirez,* but also from the Circuit's denial of the *Petition for Panel Rehearing.*

This is the type of multiplying of proceedings that § 1927 is designed to avoid. Applying the objective standard announced in *Savage,* Counsel for the Municipality acted "**in disregard of whether his conduct constitute[d] harassment** ... thus displaying a serious and studied **disregard for the orderly process of justice.**" *Savage,* 896 F.2d at 632. Filing a motion for judgment on the pleadings, based in arguments already rejected by a court of higher level is clearly vexatious conduct that disregards the orderly process of justice and must be sanctioned. *See, Siderpali v. Judal Industries, Inc.,* 833 F.Supp. 1023 (S.D.N.Y.1993)(concluding that imposition of sanctions was warranted when Counsel resubmitted a motion containing arguments previously rejected

by the Court, failing to acknowledge that the Court's prior ruling had addressed and rejected those arguments). If the Municipality, or its Counsel, disagreed with the First Circuit's decision, it should have filed a *certiorari* before the United States Supreme Court, as required by our orderly process of justice. Therefore, the Court believes that the Municipality's Counsel should pay Plaintiffs the sum of $2,000 in satisfaction of excess costs, expenses, and attorneys' fees they reasonably incurred in re-litigating an issue previously ruled on by a higher court.

**Conclusion**

For the reasons set forth herein the Municipality's motion for judgment on the pleadings is **DENIED** and Plaintiffs' motion for imposition of sanctions is hereby **GRANTED.** Counsel for the Municipality is **ORDERED** to pay to Plaintiffs the amount of $2,000 by **December 15, 2006.**

**SO ORDERED.**